**Judy TUGGERSON, Plaintiff—Appellant,**

v.

**William HENDERSON, Postmaster General, Defendant—Appellee.**

No. 01–56020.

D.C. No. CV–00–03609–CM.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2002.*

Decided June 11, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM**

Judy Tuggerson appeals the district court's grant of summary judgment in favor of the Postmaster General in Tug-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

gerson's Title VII action alleging gender discrimination and retaliation. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Tuggerson failed to establish a prima facie case of gender discrimination because she did not submit any specific, credible evidence that she was subject to an adverse employment action or that her male co-workers were treated more favorably. *See Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1123 (9th Cir.2000). The allegations in Tuggerson's declaration are conclusory and unsupported by factual data; thus they are insufficient to defeat summary judgment. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989).

Similarly, Tuggerson failed to establish a prima facie case of retaliation because she failed to submit specific, credible evidence that she was subject to an adverse employment action or that there was any causal connection between the filing of her EEO complaints and the alleged adverse action. *See Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir.2000). Tuggerson's color-coded diagrams do not provide meaningful evidence of the amount of work assigned to each custodian because they are not accompanied by any evidence specifying the work which was required to be performed in each work area.

The district court did not abuse its discretion in ruling that Tuggerson had not laid a foundation for the admission of the Postal Service's time records. *See Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 773–74 (9th Cir.2002). Tuggerson submitted no affidavits to authenticate these records; they are not self-authenticating under Federal Rule of Evidence 901 or 902; and Tuggerson has not identified who allegedly produced them in discovery. Nor did the Postal Service admit that it produced them. *See Orr,* 285 F.3d at 777 & n. 21.

Tuggerson also failed to make out a prima facie case of retaliation on account of failure to accommodate her temporary disabilities because she failed to submit any specific, credible evidence that there were any reasonable accommodations available which would have comported with Tuggerson's work restrictions. *See Brooks,* 229 F.3d at 928. Tuggerson has abandoned her constructive discharge claim by failing to make any argument in support of it. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

We need not reach the issue of causality since Tuggerson failed to show any adverse employment action in the first place. In any event, Tuggerson failed to raise a genuine issue of fact as to causality, thus summary judgment was appropriate. *See Taylor,* 880 F.2d at 1045.

Finally, the district court's evidentiary rulings were not erroneous, thus there is no "cumulative effect" of errors to consider.

AFFIRMED.